929 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry SPARKS, Plaintiff-Appellant,
v.
KENTUCKIANA FOOTBALL OFFICIALS ASSOCIATION, Tony Backert,
Defendants-Appellees,
Butch Stovall, Chick DeSensi, Bill Furlong, Carl "Fuzzy"
Klusman, Bruce McCorkle, Bobby McGrath, Tony Martin, John
Passafiume, Jim Gutterman, Charlie Showalter, Gil Downs,
John Wuerth, Danny Doyle, Don Metzger, Kentucky Board of
Education, Clay Parks, Lila Bellando, Kenneth James, Harry
Fields, Jay Stuart, W.D. Kelley, O'Leary Meece, Henry E.
Pogue, IV, James Ratcliffe, Robert Ruberg, Beverly
Schneider, Steve Ishmael, Defendants.
 No. 90-5871.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1991.
 
 W.D.Ky., No. 88-00030 Meredith, J.
 
 
 1
 W.D.Ky.
 
 
 2
 AFFIRMED.
 
 
 3
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and FEIKENS, Senior District Judge.*
 
 ORDER
 
 4
 Jerry Sparks, a pro se Kentucky resident, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Secs. 1983, 1985, 1986 and 1988. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Sparks is a football official who was a member of the Kentuckiana Football Officials Association (KFOA). By letter dated October 16, 1986, Sparks was disciplined by the KFOA because he allegedly made a statement that he did not receive assignments from the KFOA because he was not of the Catholic faith as were most of the KFOA members. Sparks appealed the decision to the Kentucky Board of Education which ultimately upheld the action of the KFOA.
 
 
 6
 Thereafter, seeking monetary relief, Sparks sued the KFOA and its individual members as well as the Kentucky Board of Education and its individual members alleging he was subjected to religious discrimination when he was disciplined for his remarks concerning religious affiliations. Defendants KFOA and its members filed a motion to dismiss and Sparks responded. The magistrate treated the motion as one for summary judgment and recommended that the motion be granted, finding that Sparks's suit against the KFOA and its members was time-barred by Kentucky's one year statute of limitations. The district court adopted the recommendation over Sparks's objections. Thereafter, Sparks filed a motion to bring in Tony Backert, president of the KFOA, as a third-party defendant, because in 1989, during the pendency of the present action, Sparks was permanently banned from the KFOA for an unrelated incident. Backert filed a motion to deny Sparks's motion. During the interim, both Sparks and the defendants Kentucky Board of Education (Board) and its members filed motions for summary judgment. Ultimately, the district court granted the Board's motion, finding that Sparks had no constitutionally protected right to officiate at high school athletic events. The court also found that the Board's decision to affirm Sparks's suspension was reasonable and supported by substantial evidence. The court also denied all pending motions as moot, and subsequently denied Sparks's motion for reconsideration.
 
 
 7
 Sparks filed a timely notice of appeal (Case # 90-5871) in which he named only the KFOA, Backert and Mills as appellees. Sparks later filed an untimely amended notice of appeal (Case # 90-6218) in which he sought to name the remaining defendants as appellees. This court, in an order dated November 20, 1990, held that only the KFOA and Backert were appellees in the instant appeal as only they were parties in the district court and were named in the timely notice of appeal. The court held that the notice of appeal in Case # 90-5871 was to be treated as notice to the KFOA of an appeal from the district court's dismissal, and to Backert as an appeal of the court's denial to add him as a defendant. Mills was not a party in the district court and, therefore, is not a party on appeal. The court dismissed the appeal in Case # 90-6218 for lack of jurisdiction.
 
 
 8
 On appeal, Sparks reasserts his claim that he was permanently banned from the KFOA because he was a non-Catholic in violation of his first amendment rights. Sparks also argues that the five year limitations period contained in Ky.Rev.Stat. Sec. 413.120(6) was the appropriate limitations period to apply to his civil rights action.
 
 
 9
 Upon review, we affirm the district court's judgment. Sparks's suit against the KFOA is time-barred. The one year statute of limitations contained in Ky.Rev.Stat. Sec. 413.140(1)(a) is the limitations period that governs civil rights actions arising in Kentucky. See Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 182 (6th Cir.1990). Sparks was notified of his suspension by letter dated October 16, 1986. Sparks however did not submit his complaint and his request to proceed in forma pauperis for filing in the district court until November 30, 1987. The suit was therefore time-barred as it was not filed within one year after the cause of action accrued.
 
 
 10
 Finally, the district court did not abuse its discretion when it did not permit Sparks to bring Backert in as a third-party defendant. Sparks did not follow the proper procedures to amend the complaint under Fed.R.Civ.P. 15(a). Sparks's allegations against Backert also concern matters totally unrelated to those asserted in the original complaint.
 
 
 11
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation